Reese J.
delivered the opinion of the court.
This bill was filed in the Chancery Court at Jonesborough, by the complainant against Robert Reeve, Job W. Reeve and Clayton Reeve, surviving partners of Mark Reeve and sons, and James J. Tipton. The bill states that several years since, a judgment at law was obtained by the complainant, in the Circuit Court for Washington county against the said firm; and that executions issued thereon directed to the Sheriff of Washington county, upon which he made the return *38 of nulla bona. It states that the defendants, the debtors in said judgment and executions, had constructed in the county of Carter, upon the land of defendant Tipton, valuable iron manufacturing establishments, and mills, in which, by agreement with said Tipton, they have beneficial leasehold interests; but that the agreements or leases relating to the premises have not been registered, and that complainant is ignorant of their terms; and the bill seeks a discovery as to their nature and extent, and to subject said leasehold interests, in equity, to the satisfaction of complainant’s judgment at law* The defendants answer, aiid set forth the leases under which they constructed the manufacturing establishments in question, and the nature and extent of the improvements made by them. These particulars it is not necessary here to state, because the defence made against the relief sought by the complainant does not turn mainly upon the terms of the leases or the character of the interest of the defendants in the leasehold improvement. The chief ground of defence in argument here, has been, that it has not been either alleged or proven on the part of the complainant, that any execution upon the judgment in Washington county was ever placed in the hands of the Sheriff of Carter county, where the leasehold improvements exist, and where the defendants reside, and they insist that in order to confer upon the court jurisdiction, it is not sufficient that an execution should have been issued to the Sheriff of the county in which the judgment was rendered, and by him have been returned nulla bona, but that an execution should have been issued to the county where the equitable assets, sought to be subjected to the satisfaction of the judgment at law, are situated, and have come to the hands of the SherifF of that county; and this, for the purpose of creating a lien upon them; upon the foot of which lien alone, could the complainant obtain the aid of a court of chanoery to subject them. This principle, it is argued, was decided by this court in the case of McNairy vs. Eastland, 10, Yer. R. 316, 317. The question in that case related to the jurisdiction and power of a Court of Chancery to satisfy a judgment out of equitable real estate, not where there had been a return of nulla bona, showing that the party *39 Rad exhausted his legal remedies; for of the jurisdiction and power of a court of chancery in such a case, no one, perhaps, had ever doubted, but where there had been no such return. The very obstacle to be removed, by the argument of the court, was, the want of such return. If there had been such return, there would have been no question in the case, upon that branch of it; and the point decided by the court, was, not that a party could not come into a court of chancery, upon the ground that he. had exhausted his legal remedies, as proved by the return of nulla bona, but that short of-such exhaustion of his legal remedies, and without the return of nulla bona, he could come into a court of chancery for satisfaction of his judgment out of equitable real estate, upon the foot of the lien created upon such equitable real estate by his judgment at law; . We will extract that portion of the opinion of the court upon which the defendants in this case rely. It is as.follows:
“The important question is whether a judgment creditor can upon the ground of the lien of his judgment upon the lands of his debtor, go into a court of chancery to seek satisfaction out of the equitable real estate, without having issued his execution, or procured thereon a return of nulla bona? It is frequently said that, in these cases, a court of chancery lends its aid to a court of law, exerts a jurisdiction which is merely of an auxiliary character, and that, therefore, the plaintiff who invokes its aid. must show to the court, with a view to its jurisdiction, that he has exhausted his legal remedies. Generalities of this sort which, with reference to so many eases, are founded in truth, sometimes come to be taken, by frequent repetition, as axioms, behind which, as a bulwark, we seldom, in any case, look. As a question affecting merely the jurisdiction of a'court of chancery, it is believed, that the principle, traced to its origin, will be found to be this: that a creditor who goes into a court of chancery to obtain satisfaction of a merely legal demand, must show that he has proceeded to such extent at law as to give him title to proceed in equity; that, in the earlier cases,- seems to have been, that if satisfaction was sought to be obtained out of equitable title in *40 personal assets, not only a judgment but an execution issued and put into the hands of the Sheriff in the county where the equitable assets were situated, were held to be necessary.
The actual issuance of the execution and its reception by the Sheriff in the proper county were necessary to give a lien, and the lien authorized the party having it, to go into chancery. So, if the creditor sought to obtain satisfaction of his legal demand out of equitable real estate, he must obtain a judgment at law; for in such case, it is the judgment, and not the issuance of an execution, which confers a lien on real estate, and having such judgment and lien, the creditor might pursue the equitable real estate in chancery.”
What is said above, incidentally, of equitable personal assets, does not, by any means, 'import, that a judgment creditor may not subject them in equity to the satisfaction of his demand, when he shows, by the return of nulla iona, “that he has exhausted his legal remedies;” but that “according to the earlier cases, he has “title to proceed in equity,” short of this exhaustion of legal remedies, if he will place an execution in the hands of the sheriff where the equitable personal assets are situated, thereby creating thereon a lien, on the foot of which he might proceed in equity. It is not intended that if he show that he has “exhausted his legal remedies,’ he cannot go into a court of chancery to obtain satisfaction of his judgment, unless he, also, issue an execution to the county where the equitable personal assets were situated, for the purpose of creating this lien — no such thing was thought of. It is not said that at this day a lien thus created upon equitable personal assets would, of itself, and without a return of nulla bona authorize a court of chancery to decree satisfaction of the judgment. We merely stated that “the earlier cases” maintained the principle. The point was not before us. Without contravening in the slightest degree, therefore, anything decided in the case of McNairy vs. Eastland, we are of opinion, that the complainant having shown, by the return of nulla bona, that he has exhausted his legal remedies, has thus made out “title to proceed in equity,” and does not stand in need of the additional “title,” if it be now *41 such, which an execution issued to the county where the equitable personal assets are situated, might confer upon him.
The decree of the Chancellor will be affirmed.